IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ADRIAN & ASSOCIATES, P.C.,**

    **Plaintiff,**

vs.                                                                  No. 08-CV-205 MV/WDS

**QWEST CORPORATION, and**
**DEX MEDIA, INC. d/b/a QWEST DEX,**

    **Defendants.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENED DISPOSITION[1]

**THIS MATTER** comes before the Court on Defendant Dex Media, Inc.'s Motion to Compel Arbitration and Stay Proceedings. [Doc. No. 11]. Plaintiff has responded and Defendant Dex Media, Inc. ("Dex") has filed a reply. [Doc. Nos. 17 and 19]. The United States Magistrate Judge, having reviewed the pleadings and the applicable law, recommends that the motion be granted.

PROPOSED FINDINGS

Procedural Background

1. In 2002, 2003 and 2004 Plaintiff entered into advertising program orders with Dex. [Doc. No. 11, Ex. A]. It is undisputed that each year Plaintiff signed a new order form specifying directory listings for the upcoming year and acknowledging receipt of "a copy of the Dex Terms of Agreement" and their incorporation into the current order. [Doc. No. 11, Ex. B]. The Dex Terms

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

of Agreement provides that "[a]ny claim, controversy or dispute that arises under or relates to an Ad, Order, Customer Listing in any Dex directory, or this Agreement . . . shall be resolved by binding arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. 1-16, not state law." [Doc. No. 11, Ex. B].

2. On January 23, 2008, Plaintiff filed a Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, alleging that Defendants failed to continue her listings as requested in the 2006 directory. [Doc. No. 1, Ex. A]. Plaintiff alleges that in the fall of 2005, when she was not contacted by a representative of Qwest, Inc., she contacted Qwest, Inc. and "was assured that there would be no problems and that her listings would be continued as before." *Id.* Plaintiff states in her Complaint, "[t]he actions of Defendants constitute breach of contract in that they failed to print the ads which Plaintiff had been assured would be included as before." *Id.* On February 27, 2008, Defendant Qwest Corporation ("Qwest") filed a Notice of Removal in the United States District Court in the District of New Mexico and shortly thereafter filed a Motion to Dismiss. [Doc. Nos. 1 and 9]. Qwest's Motion to Dismiss is pending.

3. On March 17, 2008, Dex filed the instant Motion to Compel Arbitration and Stay Proceedings. [Doc. No. 11]. Dex requests that the Court stay the above-captioned proceedings and compel binding arbitration of the claims of the Plaintiff against Dex. [Doc. No. 11]. Dex argues that the Dex Terms of Agreement include a binding arbitration provision covering any claim, controversy or dispute that arises under or relates to any ad, order, or customer listing. *Id.*

4. In her response brief, Plaintiff argues that Dex's "attempt to compel arbitration is based upon a contractual agreement to arbitrate that simply does not exist." [Doc. No. 17]. Plaintiff contends that the contracts relied on by Dex to compel arbitration were for the "books published for use during 2003, 2004, 2005 and 2007. None relate to any contract relating to the books published

in 2006..." *Id.* In an affidavit attached to her Response Brief, Plaintiff states that although she was assured that her listing would be continued as before, she was never asked to enter into any written contract relating to the white or yellow pages for use through December, 2006.

<u>Discussion</u>

5. Plaintiff's Complaint includes a specific breach of contract claim. Plaintiff alleges that Dex breached its contract by failing to "print the ads which Plaintiff had been assured would be included as before." Plaintiff does not dispute Dex's allegations that she entered into contracts with Dex in 2002, 2003 and 2004 and that those contracts contained the arbitration clause at issue here. However, she does contend that "there was no such contract in effect for the books published for use through 2006." Plaintiff cannot have it both ways. She cannot argue on one hand that she had a contract with Defendant "as before" but on the other hand argue that this "as before" contract did not include the arbitration clause.

6. If accepted, this argument would produce an absurd result: The district court could grant Plaintiff the relief she requested in her Complaint only if it finds there was a contract "as before." But if the contract for the 2006 listings was valid "as before," the arbitration provision would be valid as well, since it has not been the subject of any independent challenge. And if the arbitration provision were valid, Plaintiff's claims would not belong in federal court in the first place but would be subject to arbitration.

7. Federal courts have avoided such absurdities by requiring that such cases be submitted to arbitration unless there is a challenge to the actual arbitration provision, separate and distinct from any challenge to the underlying contract. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402-04 (1967). "The teaching of Prima Paint is that a federal court must not remove from the arbitrators consideration of a substantive challenge to a contract unless there has been an

independent challenge to the making of the arbitration clause itself." *Unionmutual Stock Life Ins. Co. v. Beneficial Life Ins. Co.*, 774 F.2d 524, 529 (1st Cir.1985).

8. This Court agrees with Dex when it stated in its Reply, "[i]f Plaintiff had a contract with Dex for the year in question it would be because the contract from the previous year automatically renewed." Dex's Reply in Support of Its Motion To Compel Arbitration and Stay Proceedings, p. 2. [Doc. No. 19]. Accordingly, the Court finds that Dex's Motion to Compel Arbitration and Stay Proceeding is well-taken and should be granted.

## CONCLUSION

The Court recommends that Defendant Dex Media, Inc.'s Motion to Compel Arbitration and Stay Proceedings be GRANTED, that the above captioned proceedings be stayed as to this Defendant and that Plaintiff be compelled to participate in binding arbitration of all of her claims against this Defendant. The Court also recommends that Dex's request for attorney fees be held in abeyance at this time.

_____
**W. Daniel Schneider**
**UNITED STATES MAGISTRATE JUDGE**

4