IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN & ASSOCIATES, P.C.,

    Plaintiff,

v.                                                                          Civ. No. 08-205 MV/WDS

QWEST CORPORATION, and
DEX MEDIA,INC. d/b/a QWEST DEX,

    Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. No. 28, filed October 14, 2008 ("Objections"), on Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. No. 27, filed October 3, 2008) and on Defendant Dex Media, Inc.'s ("Dex") Motion to Compel Arbitration and Stay Proceedings (Doc. No. 11, filed March 17, 2008). For the reasons stated below, the Court will **OVERRULE** Plaintiff's Objections, **ADOPT** the Magistrate Judge's Recommended Disposition and **GRANT** Defendant Dex Media, Inc.'s Motion to Compel Arbitration and Stay Proceedings as to Defendant Dex Media, Inc.

**Procedural Background**

Plaintiff sued Dex for negligence, negligent misrepresentation and breach of contract for failing to print Plaintiff's listings in the white pages and the yellow pages. (Complaint, Doc. No. 1-3, filed February 27, 2008). Dex filed its Motion to Compel Arbitration and Stay Proceedings on the ground that Plaintiff's advertising agreement with Dex includes a broad, unambiguous provision requiring that any claim must be resolved by binding arbitration. (Doc. No. 11, filed March 17,

2008). The Magistrate Judge recommended that the Court grant the Dex's Motion to Compel Arbitration. (Doc. No. 27, filed October 3, 2008). Plaintiff then filed her Objections to the Magistrate Judge's Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"). (Doc. No. 28, filed October 14, 2008). Plaintiff does not cite any legal authority in her three-page objection to support her objections.

**Standard of Review**

The district court shall make a *de novo* determination of those portions of the specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

**Discussion**

Plaintiff does not object to the following Proposed Findings. (Objections at 1). Plaintiff entered into advertising program orders with Dex in 2002-2004. (PFRD at 1). Each of those years Plaintiff signed a new order form specifying directory listings for the upcoming year and acknowledging receipt of Dex's Terms of Agreement. (*Id.*). Dex's Terms of Agreement provides that "[a]ny claim, controversy or dispute that arises under or relates to an Ad, Order, Customer Listing in any Dex directory, or this Agreement . . . shall be resolved by binding arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. 1-16, not state law." (*Id.* at 1-2). In the fall of 2005, Plaintiff contacted Defendant Qwest Corporation and was assured that her listings would be continued "as before." (*Id.* at 2). Plaintiff contends that the contracts relied on by Dex to compel arbitration were for the directories published for use during 2003-2005 and 2007, but not for 2006. (*Id.* at 2-3). In her affidavit, Plaintiff stated that although she was assured that her listing would be continued "as before," she was never asked to enter into any written contract relating to the white or yellow pages for use through December 2006. (*Id.* at 3).

Plaintiff objects to Paragraphs 5-6 and 8 of the PFRD on the ground that those conclusions "are a misinterpretation and misconstruction of the facts." (Objections at 1-2). Plaintiff claims those conclusions "to be to the effect that Defendant's orally renewed the prior contract, including all of its terms and conditions." (*Id.* at 1). Plaintiff argues that the "oral agreement made by the Defendant, through its agent, was to the effect that the ads would be published *as before*, not that the contract would be renewed." (*Id.*) (*emphasis added*). Plaintiff did not cite any legal authority to support her contention that her agreement with Dex to publish her listings "as before" excluded the binding arbitration provision and the other terms and conditions in her previous agreements with Dex.

The Court concludes that Plaintiff's agreement with Dex to publish her listings "as before" included the terms and conditions, including the binding arbitration provision, in her previous agreements with Dex. Plaintiff's Objections to the Magistrate Judge's Recommended Disposition are overruled. Dex' Motion to Compel Arbitration and Stay Proceedings as to Defendant Dex Media, Inc. is granted.

**IT IS SO ORDERED.**

Dated this 18th day of February, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Thomas L. Grisham
600 Central Avenue, SW, Suite 100
Albuquerque, NM 87102

*Attorneys for Defendant Dex Media, Inc.:*

Garlin Driscoll Howard
245 Century Circle, Suite 101
Louisville, CO 80027

David T. Thuma
Robert H. Jacobvitz
500 Marquette NW, Suite 650
Albuquerque, NM 87102

*Attorneys for Defendant Qwest Corporation:*

Eric R. Burris
201 Third Street NW, Suite 1700
Albuquerque, NM 87102

Peter J Korneffel
410 Seventeenth Street, Suite 2200
Denver, CO 80202