IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN & ASSOCIATES, P.C.,

      Plaintiff,

v.                                                                                                                    Civ. No. 08-205 MV/WDS

QWEST CORPORATION, and
DEX MEDIA, INC. d/b/a QWEST DEX,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Notice of Emergence from Bankruptcy; Motion to Dismiss with Prejudice Claims Discharged in Bankruptcy (Doc. No. 33), filed by Defendant Dex Media, Inc. d/b/a/ Qwest Dex ("Dex") on April 26, 2010. This Court finds that the motion is well-taken and accordingly should be granted.

This lawsuit, which was originally filed in the Second Judicial District, Bernalillo County, New Mexico, was removed to this Court in February 2008. In its Complaint, Plaintiff Adrian & Associates, P.C. seeks damages based on the failure to print Plaintiff's paid and unpaid listing in the white and yellow pages of the telephone book and failure to correctly list Plaintiff with directory assistance (Doc. No. 1, Ex. A). On March 17, 2008, Dex filed a Motion to Compel Arbitration and Stay Proceedings (Doc. No. 11) and the Magistrate Judge issued Proposed Findings and Recommended Disposition (Doc. No. 27) concerning the Motion on October 3, 2008. On February 18, 2009, this Court entered a Memorandum Opinion and Order (Doc. No. 30), in which it adopted the Magistrate Judge's Recommended Disposition and granted Dex's Motion to Compel Arbitration and Stay Proceedings as to Defendant Dex.

On May 28, 2009, R.H. Donnelley Corporation and certain of its subsidiaries including Dex (each a "Debtor" and collectively "the Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. The United States Bankruptcy Court for the District of Delaware entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only. On June 4, 2009, Dex filed a Notice of Bankruptcy with this Court, staying the proceedings (Doc. No. 32). At the time Dex filed for bankruptcy, Plaintiff had not filed a demand for arbitration and was precluded from doing so thereafter because of the bankruptcy stay.

On September 11, 2009, the Bankruptcy Court entered an order ("the Bar Date Order"), establishing October 30, 2009 at 4:00 p.m. (prevailing Eastern Time) ("the Bar Date") as the deadline for parties (other than governmental entities) holding claims against one or more of the Debtors arising on or prior to the petition date to file proofs of claim. Written notice of the Bar Date Order was served on Plaintiff. Plaintiff did not file a proof of claim. On October 21, 2009, the Debtors filed the Joint Plan of Reorganization for R.H. Donnelley Corporation and Its Subsidiaries ("the Plan"). Written notice of the hearing to confirm the Plan was mailed to Plaintiff. On January 12, 2010, the Bankruptcy Court entered an order confirming the Plan ("the Confirmation Order"). The Plan became effective on January 29, 2010.

By the instant motion, Dex seeks dismissal with prejudice of the claims brought against it in this case on the basis that they were discharged in bankruptcy. On July 15, 2009, this Court issued an Order putting Plaintiff on notice that the Court was lifting the stay for the purpose of considering the instant motion and giving Plaintiff fourteen days to file its opposition to the motion. Plaintiff did not file any opposition to the motion.

This Court finds that the instant motion is well-taken and should be granted. Pursuant to

Bankruptcy Rule 3003(c)(2), any creditor whose claim was not scheduled or was scheduled as disputed, contingent or unliquidated was required to file a proof of claim on or prior to the Bar Date. The failure to do so causes the creditor to not be treated as a creditor with respect to such claim for purposes of voting and distribution pursuant to a plan. Further, the Bar Date Order, which was served on Plaintiff, explicitly provides that any person or entity that was required to file a proof of claim, but failed to do so on or before the Bar Date, "shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases" and "shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim." Plaintiff's claim was scheduled as disputed and unliquidated. Plaintiff, however, failed to file a proof of claim.

In addition, section 1141 of the Bankruptcy Code provides that confirmation of a plan "discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141. Consistent with section 1141, the Confirmation Order contains language that discharges any claim Plaintiff had, or may have had, against Dex. *See* Confirmation Order at § II N.a. Further, section 524 of the Bankruptcy Code provides that the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt" against a debtor. 11 U.S.C. § 524. The Confirmation Order contains injunction provisions consistent with section 524 of the Bankruptcy Code, which operate to permanently enjoin Plaintiff from *inter alia* continuing the instant suit, as it is based upon a discharged claim. *See* Confirmation Order at § II N.b.

Accordingly, this Court finds that the claims Plaintiff brought against Dex in this suit have

been forever discharged pursuant to the Confirmation Order and section 1141 of the Bankruptcy Code and that Plaintiff cannot continue prosecution of the instant action.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss with Prejudice Claims Discharged in Bankruptcy (Doc. No. 33) is **GRANTED**.  Plaintiff's claims against Dex Media, Inc. d/b/a Qwest Dex are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2010.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**